Filed 4/25/13  P. v. Livingston CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MEGHAN VICTORIA LIVINGSTON,<br><br>    Defendant and Appellant. | G046281<br><br>(Super. Ct. No. 06CF0208)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Daniel J. Didier, Judge.  (Retired Judge of Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Meghan Victoria Livingston pleaded guilty to arson of an inhabited dwelling (Pen. Code, § 451, subd. (b)) and sentenced to three years in state prison. After she violated parole, she was committed to the State Department of Mental Health for treatment as a mentally disturbed offender. (Pen. Code, § 2960 et seq.) In December 2011, the court granted the district attorney's petition to extend defendant's commitment for another year based on the opinion of an appointed psychologist. Defendant appeals, contending the case should not have proceeded to trial after the prosecutor was advised her current treating psychiatrist had opined her mental disorder was in remission and she no longer posed a substantial risk to others. She also argues no substantial evidence supports the extended commitment order.

While this appeal was pending, defendant was discharged from the state hospital and we requested informal letter briefs "explaining why the appeal should not be dismissed as moot." The Attorney General argues the case is moot because defendant "has already received the relief which she sought through reversal of the 2011 judgment . . . ." We agree. "'"[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief."'" (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.) Because defendant "has already received the relief [s]he seeks from us" (*ibid.*), the appeal is moot.

Defendant urges us to resolve her appeal because otherwise the issues "are likely to evade . . . consideration in the future" due to the time constraints involved in the appeal process. We are not persuaded. Although we have discretion to consider "'an issue of broad public interest that is likely to recur'" (*Blakely v. Superior Court* (2010) 182 Cal.App.4th 1445, 1455, fn. 3), defendant has not shown the issues she raised are likely to reoccur or that they involve the public interest. To the contrary, whether defendant's extended commitment proceedings should have been terminated based on an alleged opinion from her current treating physician, and the sufficiency of the evidence to support such an order, both depended upon the particular facts of her case.

2

The appeal is dismissed.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.